FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2016

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL GRELLNER, individually and doing business as Venacore Inc.,<br><br>Plaintiff,<br><br>v.<br><br>RODNEY D. RAABE, individually and on behalf of Sapheon Inc. and Sapheon LLC, SAPHEON INC., a California corporation, SAPHEON LLC, a California limited liability company, COVIDIEN HOLDING INC., a Delaware corporation, COVIDIEN LP, a Delaware limited partnership also known as Tyco Healthcare Group LP and COVIDIEN SALES LLC, a Delaware limited liability company also known as Covidien LLC,<br><br>Defendants. | NO. 2:15-CV-0189-SMJ<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER AND PROTECTIVE UNDERTAKING |

A telephonic scheduling conference was held on September 22, 2016, the Court adopted the parties' Stipulated Protective Order and Protective Undertaking, ECF No. 88-1.

**IT IS HEREBY ORDERED**:

1

1. The parties Stipulated Protective Order and Protective Undertaking, **ECF No. 88-1**, is **GRANTED**.

**IT IS HEREBY STIPULATED AND AGREED THAT**:

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following order shall govern the production or provision of confidential information or things by the parties in this case and any third parties (provided such third parties recognize and accept the procedures herein) for the purpose of responding to discovery requests or inquiries.

**DEFINITIONS**

A. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

B. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, all information or material produced for or disclosed to a Receiving Party that a Designating Party, including any Party and any Non-Party producing information or material voluntarily or pursuant to a subpoena or court order, reasonably and in good faith considers to constitute confidential research, development, financial, technical or commercial information or other information the Receiving Party would not have access to but for this lawsuit. Such material shall include non-public information to which the Producing Party's employees have only limited

2

access, and/or information, the dissemination or disclosure of which would present a real or potential economic threat to the producing party.

    C.    <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    D.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to documents, data and information, answers to interrogatories, answers to deposition questions (if the deposition is so designated), responses to requests for admission, affidavits, expert reports, and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal confidential information.

    E.    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items representing material comprising or containing competitively sensitive information that could be used by the Receiving Party to obtain a business (not legal) advantage over the Producing Party, including, but not limited to, trade secrets, highly sensitive, non-public technical information, documents disclosing

the past, present, or intended design, development, configuration, materials, manufacture, testing or trial, and the results of such testing or trials, of the products of any Party, documents or information related to damages (e.g., sales numbers or profit margins), or documents or information related to pending and not yet published patent applications.

  F. <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

  G. <u>Party(ies)</u>:   the named Parties in this litigation; all predecessors and successors thereof; all present divisions, subsidiaries or affiliates of any of the foregoing entities; and all directors, officers, employees, agents, attorneys, or other representatives of any of the foregoing entities.

  H. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

  I. <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**RECITALS**

  1. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Disclosure or Discovery Material that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

  2. No "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation shall be made unless the Designating

Party reasonably believes in good faith that the designated material constitutes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

3. Unless and until the Court rules otherwise, material marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(a) Attorneys of record in this litigation, employees of such attorneys, counsel to whom it is necessary that the information be disclosed for purposes of this litigation, and vendors or service providers retained by the Parties or attorneys of record, including but not limited to translators and litigation support services;

(b) Any person hired by a party or its attorneys of record in this litigation, including testifying experts, investigators, consulting experts, and any other independent consultant, each of whom is not a competitor or employed by a competitor of the producing party or an agent of a competitor of the producing party, and who is not employed by or associated with either party, and who agrees in writing to be bound by the terms of this Protective Order. Each of these individuals must provide the following information: (i) the individual's name and business title; (ii) business address; (iii) business or profession; (iv) the individual's CV; (v) any previous or current relationship (personal or professional) with any of the parties; (vi) a list of other cases in which the individual has testified (at trial or deposition) within the last four years; (vii) a list of all companies with which the individual has been employed within the last four years and a brief

description of the subject matter of the employment; and (viii) a complete and signed Protective Order Undertaking, attached hereto as Exhibit A.  The Protective Order Undertaking must be served on the Producing Party before any access is allowed to the Producing Party's confidential information. Attorneys for the Producing Party shall have ten (10) business days from the receipt of the Protective Order Undertaking to object in writing to disclosure of confidential information to the identified expert or consultant. After the expiration of the 10-day period, if no objection has been asserted, then the confidential information may be disclosed pursuant to the terms of this Protective Order. Any objection by a Producing Party must set forth in detail the grounds on which it is based. Should the parties disagree with the basis for the Producing Party's objection(s), the Receiving Party must first attempt in good faith to resolve the objection(s) informally with the Producing Party. If the informal efforts do not resolve the dispute within five (5) business days, the Receiving Party may file a motion requesting that the Producing Party's objection(s) be quashed. The Producing Party shall have the burden of proof by a preponderance of evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), the confidential information shall not be disclosed by the Receiving Party to the person objected to by the Producing Party;

    (c)    Employees of a person qualified under paragraph 4(b) above, each of whom is not a competitor or employed by a competitor of the producing party or an agent of a competitor of the producing party, and who is not employed by or associated with either party. Such employees must sign a Protective Order

Undertaking, and such Protective Order Undertaking must be retained and preserved during this litigation by the attorney of record for the Receiving Party, but such Protective Order Undertaking need not be disclosed to the Producing Party, unless the Court for good cause orders otherwise;

(d) Jury consultant(s) and/or mock jurors, each of whom is not a competitor or employed by a competitor of the producing party or an agent of a competitor of the producing party, and who is not employed by or associated with either party. Such jury consultant(s) and/or mock jurors must sign a Protective Order Undertaking, and such Protective Order Undertaking must be retained and preserved during this litigation by the attorney of record for the Receiving Party, but such Protective Order Undertaking need not be disclosed to the Producing Party, unless the Court for good cause orders otherwise;

(e) Defendants Sapheon Inc., Sapheon LLC, Covidien Holdings Inc., Covidien LP, and Covidien Sales LLC in-house attorneys Chad Hanson and Thomas Johnston;

(f) The authors and original recipients of the documents;

(g) Persons testifying in depositions or in court proceedings provided that (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (2) such documents or information were produced by or obtained from such persons or their employer;

(h) Court reporters employed in this litigation, including their necessary stenographic, videographic and clerical personnel; and

(i)     The Court, any juror or any other entity authorized by the Court or required by law.

4.      Unless and until the Court rules otherwise, material marked as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(a)     The persons identified in paragraph above;

(b)     Plaintiff Daniel Grellner;

(c)     Defendant Dr. Rodney D. Raabe; and

(d)     Employees of Defendants Sapheon Inc., Sapheon LLC, Covidien Holdings Inc., Covidien LP, and Covidien Sales LLC, and employees of the successors, subsidiaries, parents and affiliates of Defendants Sapheon Inc., Sapheon LLC, Covidien Holdings Inc., Covidien LP, and Covidien Sales LLC, to the extent necessary for purposes of this litigation.

5.      In the event that a Producing Party elects to produce original documents or other material for inspection, no markings need be made on the documents or material by the Producing Party in advance of the inspection. During the inspection, such documents or material shall be considered confidential information to the extent and at the level designated by the Producing Party prior to the inspection. After selection by the Receiving Party of specific documents or material for copying, the Producing Party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the documents or materials before they are provided to the Receiving Party.

6.     Information disclosed at a deposition (or hearing), as well as through resulting transcripts or exhibits, of a Party, the present or former officers, directors, employees, agents, or independent experts retained by a Party for the purpose of this litigation, or a Non-Party in possession of confidential information of a Party, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by indicating such designation on the record, subject to the Protective Order, or by following the procedure set forth in paragraph 7 below. If a deposition or hearing transcript is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by indicating such designation on the record, the designating party has up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order.

7.     If timely corrected, confidential information produced without the appropriate designation of confidentiality may be properly designated subsequent to the production or testimony when the Producing Party failed to make such designation at the time of production or during the testimony through inadvertence or error. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure the material is treated in accordance with the provisions of this Order.

8.     Absent any overriding rules of this Court or orders of this Court, no Disclosure or Discovery Material designated as "CONFIDENTIAL" OR

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be filed in the public record of this action. In the event that any Disclosure or Discovery Material that has been designated "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is included with, or in any way disclosed in, any pleading, motion, deposition transcript or other paper filed with the Court, such Disclosure or Discovery Material shall be filed under seal with the Court.

9. Inadvertent production of privileged information shall be handled as follows, but this is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

(a) When a Producing Party gives written notice to a Receiving Party that certain inadvertently produced material (specifically described by Bates number(s) and/or other sufficiently detailed description) is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B);

(b) If the Receiving Party, without notice from the Producing Party, determines that information subject to the attorney-client privilege or work-product immunity has been inadvertently produced by a Producing Party, the Receiving Party shall promptly contact the Producing Party and advise it of the inadvertent disclosure. Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the obligation of the Receiving Party;

(c) If the Receiving Party believes it has a good-faith basis for challenging the privilege claim asserted by the Producing Party, the Receiving Party shall provide the Producing Party with a written explanation of the good-faith basis for

the belief that the inadvertently produced Disclosure or Discovery Material are not privileged within five (5) business days of the Producing Party's request for return. The Producing Party shall respond in writing to the Receiving Party's timely challenge to the privilege or immunity claim within five (5) business days from receipt of the challenge;

(d) In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced Disclosure or Discovery Material, the Receiving Party shall have ten (10) business days from receipt of the Producing Party's written response to the privilege challenge to file a motion (in accordance with any applicable standing orders or local rules) seeking an order compelling production of the inadvertently produced Disclosure or Discovery Material. The Receiving Party shall comply with Federal Rule of Civil Procedure 26(b)(5)(B) in challenging the asserted privilege(s) concerning any inadvertently produced Disclosure or Discovery Material. In the event that a motion is made, the Producing Party shall have the burden of proving the inadvertently produced Disclosure or Discovery Material are privileged or immune from discovery;

(e) Inadvertent disclosure of information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not, in and of itself, constitute a waiver of such privilege(s). Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that the attorney-client privilege or work product protection is not waived by disclosure connected with the above-referenced matter and any such disclosure is also not a waiver in any other federal or state proceeding.

10. A party may challenge the correctness or propriety of a confidentiality designation of a Designating Party by requesting the Court to order a different designation or de-designation. The Designating Party shall bear the burden of establishing a need for the designation by a preponderance of the evidence. No party, however, is obligated to challenge the correctness or propriety of any designation of confidentiality under this Order, and any failure to challenge a designation shall not prejudice or preclude a subsequent challenge to that or any other designation. A challenge to a Designating Party's confidentiality designation shall follow the following provisions:

(a) A party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and the Designating Party shall have three (3) business days to review the designated Disclosure or Discovery Material, to reconsider the circumstances, and if no change in designation is offered, to explain in writing to the Challenging Party the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first; and

(b) A party that elects to press a challenge to a confidentiality designation after considering the written justification offered by the Designating Party may file and serve a motion that identifies the challenged Disclosure or Discovery Material and sets forth in detail the basis for the challenge. Each such motion must be

accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

11.   All discovery material exchanged under this Protective Order between the parties in this litigation shall be used solely for this litigation, unless otherwise agreed to beforehand in writing by the Producing Party or if the Court so orders. Each Party reserves its right to seek or oppose an order from the Court permitting the use in other litigation of confidential discovery material.

12.   If confidential information in the possession, custody or control of a Receiving Party is sought by subpoena, request for production, interrogatory, or any other form of discovery request or compulsory process of any court, administrative body or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the Receiving Party shall:  (i) within one (1) calendar week after receipt thereof, give written notice by hand or facsimile or electronic mail of such process or discovery request together with a copy thereof, to counsel for the Producing Party; (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request; and (iii) not produce or disclose such confidential information until the Producing Party

consents in writing to the production, or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose the confidential information.

13.    Within sixty (60) days after the conclusion of this litigation, including any appeals, all confidential information designated and produced hereunder, and all copies thereof, shall be returned to the Producing Party or be destroyed. Notwithstanding the foregoing, counsel of record may retain all of their files from this litigation, including, but not limited to, pleadings, correspondence, discovery requests and responses, expert disclosures, and transcripts, whether or not such files refer to or include any confidential information designated in this litigation.

14.    By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15.    Confidential information the Producing Party considers privileged, or subject to the work product immunity doctrine or some other applicable immunity or privilege under the Federal Rules, that is dated after the filing of this litigation, is not required to be listed on any privilege log provided by the producing party to the requesting party. Counsel for a Producing Party may redact material deemed exempt from discovery because of the attorney-client privilege or work-product immunity afforded by Rule 26(b), Fed. R. Civ. P. Any document from which material is redacted must identify in the redacted area that a redaction was made. The reason for any such redaction must be stated in the document itself or on a

privilege log provided to the Receiving Party within thirty (30) days of producing the redacted document(s) to a Receiving Party. In the event of any dispute as to the propriety of the redaction, the party objecting to the redaction may submit the issue to the Court for review and determination.

16. The restrictions set forth in this Protective Order shall not apply to information or material that:

(a) was, is, or becomes public knowledge other than by violation of this Protective Order;

(b) is acquired by the non-Designating Party from a third party having the right to disclose such information or material; or

(c) was lawfully possessed by the non-Designating Party prior to the entry by the Court of the Protective Order.

17. Nothing contained in this Protective Order shall preclude a Party producing confidential information from using its own confidential information in any manner it sees fit without prior consent from any other Party or from the Court.

18. Each individual who receives any confidential information so designated under this Protective Order agrees to submit himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to compliance with the Protective Order.

19. This Protective Order shall remain in full force and effect after the termination of this litigation, until a Designating Party agrees in writing or until canceled or otherwise modified by this Court.

20.  Any Party hereto may at any time make a motion requesting that the Court modify this Protective Order to provide additional or different protection where it is deemed appropriate.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

DATED this 29th day of September 2016.

_____
SALVADOR MENDOZA, JR.
United States District Court Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL GRELLNER, individually and doing business as Venacore Inc.,<br><br>   Plaintiff,<br><br>v.<br><br>RODNEY D. RAABE, individually and on behalf of Sapheon Inc. and Sapheon LLC, SAPHEON INC., a California corporation, SAPHEON LLC, a California limited liability company, COVIDIEN HOLDING INC., a Delaware corporation, COVIDIEN LP, a Delaware limited partnership also known as Tyco Healthcare Group LP and COVIDIEN SALES LLC, a Delaware limited liability company also known as Covidien LLC,<br><br>   Defendants. | NO. 2:15-CV-0189-SMJ<br><br>PROTECTIVE ORDER UNDERTAKING |

## **PROTECTIVE ORDER UNDERTAKING**

  I, _____, having been retained by _____ in connection with the above-captioned lawsuit hereby acknowledge that I am about to receive information subject to the Protective Order agreed to by the parties and so ordered by the Court in this case.

  I certify my understanding that the information subject to the Protective Order is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understand my obligations under the Protective Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that information subject to the Protective Order and my copies and notes relating thereto may only be disclosed to or discussed with persons allowed under the Protective Order to receive such information.

  I will return upon request all materials containing information subject to the Protective Order and all copies thereof.

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make all statements above under penalty of perjury.

_____

Printed name:_____

Company name/address/phone:

_____

_____

_____